McLEAN v. MAXWELL, WARDEN.

(No. 39263—Decided June 9, 1965.)

*Mr. Frank E. McLean,* in propria persona.
*Mr. William B. Saxbe,* attorney general, and *Mr. William C. Baird,* for respondent.

*Per Curiam.* In this action, petitioner is attacking the validity of both his 1958 and his 1962 convictions.

In relation to his 1962 conviction, petitioner contends that he was denied counsel until after his arraignment. However, at both his preliminary hearing and at his arraignment, petitioner pleaded not guilty and he makes no contention that during this period he made any incriminating statements. Thus, he does not fall under the doctrine enunciated in *Escobedo* v. *Illinois,* 378 U. S. 478, 12 L. Ed. 2d 977. There is no question that counsel was appointed for petitioner and represented him during his trial. Petitioner's argument in this respect is not well taken.

So far as petitioner's indictment is concerned, it alleged that on June 22, 1961, petitioner, along with several others, "unlawfully and by force and violence or by putting in fear, did rob J. R. Lackey of certain money."

The actual fact was that the crime occurred on November 22, 1961, and on motion of the prosecuting attorney the indictment was amended to state such fact, but for some reason such amendment was not placed on the journal. This amendment did not change the nature of the crime charged and thus was proper under the provisions of Section 2941.30, Revised Code. Even if such amendment had not been made, Section 2941.08, Revised Code, provides that imperfectly stating the time the offense occurred does not render the indictment invalid. Petitioner's argument that he could not have committed the crime because he was in prison at the time is based on the erroneous statement of the date in the indictment. He had been out of prison several months when the crime actually took place. In his appeals to the Court of Appeals and to the Supreme Court, petitioner set forth that the crime occurred on November 22, 1961.

Petitioner's contention that the lack of the allegation that petitioner stole from the person of another rendered the indictment invalid is without merit. It was alleged in the indictment that petitioner "did rob J. R. Lackey." The term, "rob," connotes taking of goods or money from the person of another. See *Salzer* v. *Maxwell, Warden*, 173 Ohio St. 573.

Petitioner presently is confined on his 1962 conviction and, as above pointed out, has raised no issues herein which are grounds for a collateral attack by habeas corpus. Thus, being properly confined under such 1962 conviction, he is not entitled to release, and any question as to the validity of his 1958 conviction cannot be raised other than on appeal during the time he is in confinement under another valid sentence. *McNally* v. *Hill, Warden*, 293 U. S. 131, and *Page* v. *Green, Supt.*, 174 Ohio St. 178.

*Petitioner remanded to custody.*

Taft, C. J., Zimmerman, Matthias, O'Neill, Herbert, Schneider and Brown, JJ., concur.